UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-10161 FMO (SKx) | Date | April 8, 2022 |
|---|---|---|---|
| Title | Ty Kirkpatrick v. Timothy Hubman, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriela Garcia | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s): None Present

Attorney Present for Defendant(s): None Present

**Proceedings:** (In Chambers) Order to Show Cause: Representation of Counsel

On March 8, 2022, plaintiff Ty Kirkpatrick ("Kirkpatrick"), proceeding pro se, filed a First Amended Complaint ("FAC") adding Consulting Direct, Inc. as a plaintiff pursuant to the Court's Order of February 28, 2022. (See Dkt. 65, FAC at ¶¶ 2-3). However, Kirkpatrick may not represent Consulting Direct, Inc., as it is well-settled that corporations and other business entities cannot appear pro se in federal court; Consulting Direct, Inc. must be represented by licensed counsel. See Rowland v. Cal. Men's Colony, 506 U.S. 194, 201-02, 113 S.Ct. 716, 721 (1993) ("It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel."); Dr. JKL Ltd. v. HPC IT Educ. Ctr., 749 F.Supp.2d 1038, 1046 (N.D. Cal. 2010) ("A corporation or other artificial entity must be represented by licensed counsel."). Moreover, in ordering Kirkpatrick to add Consulting Direct, Inc. as a required party, (see Dkt. 64, Court's Order of February 28, 2022, at 5), the court admonished Kirkpatrick that "[n]o organization or entity of any other kind (including corporations, limited liability corporations, partnerships, limited liability partnerships, unincorporated associations, trusts) may appear in any action or proceeding unless represented by an attorney permitted to practice before this Court under L.R. 83-2.1." (Id. at n. 6) (quoting Local Rule 83-2.2.2).

Under the circumstances, the court will give Consulting Direct, Inc. time to retain counsel to represent itself in this case. Failure to retain counsel by the deadline set forth below shall result in this action being dismissed without prejudice.

1. Plaintiff Consulting Direct, Inc. is hereby advised that it may only appear in this action through counsel. A Notice of Appearance must be filed by Consulting Direct, Inc.'s counsel no later than **April 29, 2022**.

2. In the event Consulting Direct, Inc. does not retain counsel by the deadline set forth above, this action shall be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. See Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

3. The case is stayed pending compliance with this Order by Consulting Direct, Inc.

| | 00 : 00 |
|---|---|
| | Initials of Preparer gga |